


14-3199

## RESPONSES TO THE MOTION OF SUMMARY JUDGEMENT

**(STATEMENTS 1 THRU 7) AS OUTLINED ON JUNE 15TH, 2017 FROM DEFENDANT**

1. DO NOT DISPUTE THIS STATEMENT.

2. PLAINTIFF, MONICA BARRY, DISPUTES STATEMENT "PLAINTIFF ALSO ALLEGES THAT IN MAY AND JUNE 2013 SHE REQUESTED THE IDOC TO GRANT HER A REASONABLE ACCOMMODATION, SPECIFICALLY A PERMANENT ASSIGNMENT AWAY FROM REGULAR PRISONER CONTACT, AND/OR TO BE TRANSFERRED TO THE LINCOLN CORRECTIONAL CENTER TO ELIMINATE OR GREATLY REDUCE THE CHANCE THAT SHE WOULD BE EXPOSED TO PEPPER SPRAY.

    DISPUTE IS THE ACTUAL DATE IN QUESTION MENTIONED ABOVE. THE EMPLOYEE REQUEST FOR REASONABLE ACCOMMODATION PROVIDED. (COPY ENCLOSED). ACTUAL DATE LISTED CONTAINED HEREIN IS 7-29-13, WHICH, I, PLAINTIFF, DID NOT HAVE AT THE TIME OF DEPOSITION HEARING WITH MR. GRADY, ATTY. ALSO, STATEMENT "SPECIFICALLY A PERMANENT ASSIGNMENT AWAY FROM REGULAR PRISONER CONTACT". YES, I, PLAINTIFF, REQUESTED THIS IN PART ALONG WITH A TRANSFER TO LINCOLN CORRECTIONAL CENTER. THE DISPUTE IS THAT I AM WANTING SAME EQUAL TREATMENT AS CORRECTIONAL OFFICER GARY WEBB, NOW RETIRED, WHO WORKED IN DIFFERENT TOWERS FOR A DURATION, PRIOR TO SEPARATION OF EMPLOYMENT, IN ORDER TO PREVENT HIM FROM BRINGING MEDICAL EQUIPMENT INSIDE THE CORRECTIONAL FACILITY. HE ADVISED ME OF THIS AND STATED, "THERE WAS NO ACTUAL LIGHT DUTY ORDER; HOWEVER, MY WORK FILE, IN PERSONNEL, WILL DEMONSTRATE THE DURATION THAT i WORKED IN TOWERS" AS A RESULT. I, PLAINTIFF MONICA LYNN BARRY, DO NOT HAVE GAINFUL ACCESS TO THESE FILES IN PERSONNEL AT LOGAN CORRECTIONAL CENTER. THESE FILES WOULD DEMONSTRATE THAT I COULD WORK IN A PERMANENT ASSIGNMENT AWAY FROM REGULAR PRISONER CONTACT. SECOND EXAMPLE IS CORRECTIONAL OFFICER BILL LAWSON, WHOM OF WHICH CONTINOUSLY WORKED THE ARMORY FOR MULTIPLE YEARS. I PLAINTIFF, MONICA LYNN BARRY, DO NOT HAVE GAINFUL ACCESS TO BILL LAWSON'S WORK FILES LOCATED IN PERSONNEL AT LOGAN CORRECTIONAL CENTER. BOTH OF THESE POSITIONS ARE ASSIGNMENTS AWAY FROM REGULAR PRISONER CONTACT WHICH SHOWS THAT IT DOES NOT COMPROMISE MANAGEMENT'S RIGHT TO ASSIGN. WHICH ALSO DISPUTES THE AUGUST 5TH, 2013 MEMO FROM VICKI FAIR, ADMINISTRATOR, CONCERNING HER STATEMENTS, "PER THE CMS 104 JOB DESCRIPTION AS A CORRECTIONAL OFFICER YOU ARE REQUIRED TO WORK IN A MYRIAD OF ASSIGNMENTS." "TO THIS END, A PERMANENT ASSIGNMENT MAY VIOLATE OR COMPROMISE MANAGEMENT'S "RIGHT TO ASSIGNMENT". AS A RESULT, I PLAINTIFF, MONICA LYNN BARRY, AM REQUESTING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56 THAT THERE IS A GENUINE ISSUE WITH MATERIAL FACT HERE THAT NEEDS TO BE ADDRESSED.

3. PLAINTIFF, MONICA BARRY, DISPUTES STATEMENT "PLAINTIFF ALLEGES THAT ON OR ABOUT AUGUST 5, 2013, THE IDOC DENIED HER REQUEST FOR A REASONABLE ACCOMMODATION WITH AN EXPLANATION, BUT WITHOUT THE USE OF ANY SORT OF INTERACTIVE PROCESS".

"PLAINTIFF ALLEGES THAT ON OR ABOUT AUGUST 26, 2013, SHE SUBMITTED ANOTHER REQUEST FOR ACCOMMODATION IN WHICH SHE ASKED TO BE ALLOWED TO RETURN TO WORK, BUT TO CARRY A GAS MASK IN CASE OF THE USE OF PEPPER SPRAY IN HER VICINITY".

DISPUTE IS THE STATEMENT "BUT WITHOUT THE USE OF ANY SORT OF INTERACTIVE PROCESS". I, MONICA LYNN BARRY, PLAINTIFF, WHILE PROVIDING A DEPOSITION, MISUNDERSTOOD MR. GRADY'S DEFINITION OF INTERACTIVE PROCESS TO MEAN A RECENT ENGAGEMENT BETWEEN TWO PARTIES THAT **PHYSICALLY MEET** TO DISCUSS ISSUES CONCERNING CASE # 3: 14CV3199; WHICH HOWEVER, DID ENGAGE IN INTERACTIVE PROCESS, BUT NOT UNTIL 3-17-14, CONCERNING CHARGE NO. 2014SF0697 STEMMING FROM A FACT FINDING CONFERENCE AT THE DEPARTMENT OF HUMAN RIGHTS IN SPRINGFIELD, IL. (SEE DOCUMENTS ENCLOSED). FURTHER INTERACTIVE PROCESS OCCURRED ON 8-5-13, WHICH INCLUDES A DENIAL LETTER FROM VICKI V. FAIR, ADMINISTRATOR. (COPY ENCLOSED). ADDITIONAL INTERACTIVE PROCESS INCLUDES APPEAL TO VICKI V. FAIR, ADMINISTRATOR, ON 8-9-13. (COPY ENCLOSED), A SIU HEALTHCARE NOTE, DATED, 8-26-13, FROM DR. EAGLETON, REQUESTING THE USE OF AN APPROPRIATE GAS MASK, (COPY ENCLOSED), A DENIED APPEAL FROM VICKI FAIR, ADMINISTRATOR, ON 9-9-2013, (COPY ENCLOSED), A DENIAL LETTER FROM DIRECTOR S. A. GODINEZ, DATED 10-1-2013, (COPY ENCLOSED).

AN ADA ACCOMMODATION APPEAL, DATED 10-10-2013, WAS SUBMITTED BY BILL SIDERS, ATTORNEY AT LAW, (COPY ENCLOSED), FURTHERMORE, MEMORANDUM, DATED FEBRUARY 25TH, 2014, FROM CAMILE LINDSAY, LEGAL COUNSEL/ADA APPEALS REVIEWER, (COPY ENCLOSED), ADA RESPONSE FROM S.A. GODINEZ, DATED 2-26, 2014, (COPY ENCLOSED). 7-22-14 LETTER TO PRESIDENT JERRY BUTLER REGARDING SAFETY ISSUES AND THE NEED FOR A GAS MASK. IN ADDITION, ON JUNE 16TH, 2015, LETTER OF DENIAL FROM FERNANDO CHAVARRIA, ADMINISTRATOR FOR THE OFFICE OF AFFIRMATIVE ACTION DATED 5-20-15 (DOCUMENT ENCLOSED).

4. I, PLAINTIFF, MONICA LYNN BARRY, HAVE EXPLAINED THE MISUNDERSTANDING WITH REGARD TO THE INTERACTIVE PROCESS CONCERNING MR. GRADY'S QUESTIONS AT THE DEPOSITION. THE DISPUTE IS AS FOLLOWS: STATEMENT, "REFUSING TO PROVIDE HER ANY ACCOMMODATION THE IDOC CONSTRUCTIVELY DISCHARGED HER." MEMORANDUM, DATED 2-25-14, FROM CAMILLE LINDSAY, LEGAL COUNSEL/ADA APPEALS REVIEWER, INDICATES ON PAGE 3, SECOND PARAGRAPH, " I DISCUSSED SEVERAL OPTIONS WITH MS. BARRY INCLUDING A POSSIBLE ASSIGNMENT TO THE MAILROOM OR RECORDS OFFICE". READING FURTHER, "I ALSO DISCUSSED WORKING THIRD SHIFT WITH MS. BARRY". "THIRD SHIFT WOULD LESSEN THE POSSIBILITY THAT SHE WOULD BE EXPOSED TO PEPPER SPRAY BECAUSE MOST INMATES WOULD BE CONFINED TO THEIR CELLS AND ASLEEP DURING THAT SHIFT." NOW, PAGE 2, IN THE FIRST PARAGRAPH INDICATES, "THE ADA COORDINATOR INFORMED MS. BARRY THAT CORRECTIONAL OFFICERS MUST CHANGE ASSIGNMENTS ON A ROTATING BASIS, THAT THE LOCATIONS SHE REQUESTS TO BE ASSIGNED TO WOULD NOT INSULATE HER FROM PEPPER SPRAY EXPOSURE, THAT SHE CANNOT BE ASSIGNED TO THE MAILROOM (BECAUSE IT WOULD BE A VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT, AND THAT A GAS MASK WOULD BE A THREAT TO SAFETY AND SECURITY." NOW, IT IS CLEARLY EXPLAINED ABOVE THAT I, PLAINTIFF, MONICA

LYNN BARRY, CANNOT WORK THE MAILROOM "BECAUSE IT WOULD BE A VIOLATION" BUT THEN IT IS A POSSIBILITY ACCORDING TO MS. CAMILLE LINDSAY, WHICH CONFUSED ME, THE PLAINTIFF. I, PLAINTIFF, HAVE WORKED THE RECORDS OFFICE BEFORE IN 2008, WHICH WAS ONLY TEMPORARY DUE TO MEDICAL REASONS AS A RESULT OF UNION/MANAGEMENT NEGOTIATIONS SINCE THE ACADEMY HAD NO AVAILABLE CLASSES FOR ME TO ATTEND. MS. CAMILLE LINDSAY DID NOT PROVIDE ME WRITTEN STATEMENTS THAT THESE POSSIBLE WORK ASSIGNMENTS WOULD BE LESS PAY AND OR GUARANTEED EMPLOYMENT.

IT WOULD BE SAFE TO ASSUME THAT THE SAME APPLIES TO THE RECORDS OFFICE, IT WOULD BE A VIOLATION, BASICALLY AGAINST THE COLLECTIVE BARGAINING AGREEMENT. IT WAS DISCUSSED, WITH MS. LINDSAY, THAT THERE WOULD BE NO GUARANTEES THAT INMATES ON THIRD SHIFT WOULD BE CONFINED TO THEIR CELLS AND ASLEEP DURING THE 11-7 SHIFT THEREFORE THIS OFFER WAS DECLINED. DISPUTE (SINCE I WAS OFFERED TO WORK THE 11-7 SHIFT THEN WHY AM I OFF WORK TO BEGIN WITH?) PLEASE SEE DOCUMENT 4-2-14 AS A FOLLOW UP WITH THE UNION. (DOCUMENT ENCLOSED ALONG WITH GRIEVANCE DATED 5-13-14 AND LABOR RELATIONS BOARD CHARGE DATED, 8-5-2014 AND 11-17-14 DISMISSAL AND 11-22-14 APPEAL). AS FAR AS "A GAS MASK WOULD BE A THREAT TO SAFETY AND SECURITY", DIABETIC INMATES THAT TRAVEL TO THE INFIRMARY TO RECEIVE INSULIN AS WELL AS THE DIABETIC INMATES THAT RESIDED IN THE INFIRMARY, WHILE I, PLAINITFF, WAS EMPLOYED, WAS HANDED THE DIABETIC SYRINGE SO THAT THEY, THE INMATE, WOULD INJECT THE INSULIN INTO THEIR BODY, AND THEN RETURN THE NEEDLE TO THE NURSE AT THE PLEXIGLASS WINDOW. PLAINTIFF, MONICA LYNN BARRY, DOES NOT HAVE ACCESS TO VIDEO TAPES THAT RECORD THESE SPECIFIC ACTS IN THE CORRECTIONAL FACILITY AT LOGAN CORRECTIONAL CENTER. NURSING STAFF, CORRECTIONAL STAFF WORKING THIS PARTICULAR AREA (OVER TIME ON ALL THREE SHIFTS) AND INMATES NEED TO BE QUESTIONNED SO TO VERIFY THESE OCCURRENCES. ALSO, ADMINISTRATIVE CODE TITLE 20, SECTION, 501.70 USE OF CHEMICAL AGENTS IN CELLS, LETTER D) SECTION 2 INDICATES "GAS MASKS SHALL BE AVAILABLE FOR USE BY CORRECTIONAL OFFICERS AT THE TIME THE TEAR GAS OR OTHER CHEMICAL AGENT IS USED." ADMINISTRATIVE CODE TITLE 20, SECTION 501.60 GENERAL USE OF CHEMICAL AGENTS, LETTER F) "PRIOR TO AND FOLLOWING THE USE OF CHEMICAL AGENTS, PRECAUTIONARY MEASURES WHICH ARE REASONABLE UNDER CIRCUMSTANCES SHALL BE TAKEN TO LIMIT THE NOXIOUS SIDE EFFECTS OF THE CHEMICAL AGENTS." BACK TO THE STATEMENT "A GAS MASK WOULD BE A THREAT TO SAFETY AND SECURITY", CORRECTIONS' OWN ADMINISTRATIVE CODES DISPUTE THIS STATEMENT.

CONTINUED DISPUTE IS THAT THESE PARTICULAR MENTIONED ADMINISTRATIVE CODES WERE ACTIVE AT THE TIME OF PLAINTIFF'S EMPLOYMENT REQUEST OF A GAS MASK. (SEE THESE DOCUMENTS ATTACHED, DATED 4-11-2014 AND 3-24-15. THESE CODES ARE REFERENCED DUE TO A GAS MASK ACCOMMODATION BEING DENIED. THERE IS NOTHING IN THESE CURRENT CODES THAT INDICATE THAT IT ONLY APPLIES TO TACT TEAM MEMBERS. CORRECTIONAL OFFICERS THAT ARE TACT TEAM MEMBERS ARE IN THE SAME BARGAINING UNIT AND JOB CLASSIFICATION AS PLAINTIFF, MONICA LYNN BARRY, AND YET THEY RECEIVE PROTECTIVE GEAR, SUCH AS A GAS MASK. THEY RECEIVE ADDITIONAL TRAINING BUT THAT IS ONLY BECAUSE THEY ENTER THE TACTICAL UNIT VOLUNTARILY. (SEE DOCUMENT ACQUIRED FROM THE

EMPLOYEE HANDBOOK FOR IDOC) PG. 23 UNDER TACTICAL UNIT, "THE TACTICAL UNIT IS TRAINED IN APPROVED METHODS OF CROWD CONTROL, USE OF CHEMICAL AGENTS AND PROTECTIVE GEAR, SPECIAL WEAPONRY RESTRICTED TO THEIR USE, SELF-DEFENSE INCLUDING USE OF RIOT BATON, USE OF FORCE, PHYSICAL CONDITIONING, AND USE OF EMERGENCY EQUIPMENT".

THE PART OF "IDOC CONSTRUCTIVELY DISCHARGED HER", PLAINTIFF'S DISPUTE IS AS FOLLOWS: SINCE THERE WAS CONFLICTING INFORMATION ABOUT THE MAIL ROOM AND OR RECORDS OFFICE ON THE DEFENDANT'S PART WITH REGARD TO CAMILLE LINDSAY'S REPORT DESCRIBED ABOVE, THERE WAS NO REASONABLE ACCOMMODATION SET FORTH FOR PLAINTIFF, MONICA LYNN BARRY, SINCE THE 11-7 SHIFT COULD NOT GUARANTEE INMATES WOULD BE ASLEEP IN THEIR CELLS NOR THAT I WOULDN'T BE EXPOSED TO PEPPER SPRAY IRRITANTS. THEREFORE, CORRESPONDENCE BEGAN 4/20/15 FROM DEANNA CLARK (DOCUMENTS INCLUDED), HR FUNCTIONAL PROCESS SUPERVISOR, COMPLIANCE AND CONTROL OF PUBLIC SAFETY SHARED SERVICES. I AM SUBMITTING THE SECONDARY EMPLOYMENT REQUEST FOLLOW-UP REPORT IN ORDER TO DEMONSTRATE HOW IT CAME ABOUT WITH REGARD TO ORIGINAL CONTACT WITH DEANNA CLARK. (SEE DOCUMENTS ENCLOSED). CORRESPONDENCE DATED 6-17-2015 WAS ACTUALLY RECEIVED ON 6-29-2015. DEANNA CLARK, ADVISEMENT ON 6-29-2015 WAS TO ACCEPT ALTERNATIVE EMPLOYMENT, WORK WITHOUT A GAS MASK, OR RESIGN OR RETIRE. PLAINTIFF, MONICA LYNN BARRY PROVIDED A PHYSICIAN'S STATEMENT VIA FAX TO PERSONNEL AT LOGAN CORRECTIONAL CENTER WHERE IT WAS CONFIRMED THAT IT WAS RECEIVED (SEE DOCUMENTS ENCLOSED). PLAINTIFF, MONICA LYNN BARRY, MET LOGAN CORRECTIONAL CENTER'S PERSONNEL REQUIREMENTS TO PROVIDE A PHYSICIAN'S STATEMENT WITHIN FIVE WORKING DAYS IN ORDER TO CONTINUE SUCH LEAVE OF ABSENCE; HOWEVER, TERA SPENCER CALLED ON 7-2-15, MESSAGE STILL ON MY CELL PHONE, INDICATING "THAT SHE SPOKE TO HER SUPERVISOR, DEANNA CLARK ABOUT MY UNCOOPERATIVENESS AND THAT THERE WOULD BE AN OUTLINED LETTER SENT TO ME INDICATING THE CONSEQUENCES OF MY ACTIONS". SHE STATED FURTHER, "SHE WOULD SEND AN E-MAIL TO STEPHANIE AND LAUREL LETTING THEM KNOW THAT SHE IS HANDLING THIS ALL ON MONDAY, JULY, 6TH, 2015 SINCE IT IS A HOLIDAY WEEKEND." "IF YOU DON'T TURN IN A RESIGN, RETIRE LETTER ON MONDAY, THEN DEANNA WILL DEAL WITH IT". (7-1-2015 AND 7-2-2015 ENCLOSED DOCUMENTS OF TERA SPENCER'S PHONE CONVERSATIONS WITH PLAINTIFF). PLAINTIFF ADVISED MS. SPENCER ABOUT THE PHYSICIAN'S STATEMENT DATED 6-30-2015 BUT HER RESPONSE WAS THE SAME. UNION CONTRACT BOOK INDICATES, "FAILURE TO RETURN FROM A LEAVE OF ABSENCE WITHIN 5 DAYS AFTER EXPIRATION DATE THEREOF MAY BE CAUSE FOR DISCHARGE, UNLESS IT IS IMPOSSIBLE FOR THE EMPLOYEE TO SO RETURN AND EVIDENCE OF SUCH IMPOSSIBILITY IS PRESENTED TO THE EMPLOYER WITHIN 5 DAYS AFTER THE EXPIRATION OF THE LEAVE OF ABSENCE OR AS SOON AS PHYSICALLY POSSIBLE" (SEE ENCLOSED DOCUMENT, PG 93, SECTION 24 OF THE AFSCME HANDBOOK DATED 9-5-2008 THRU 6-30-12. THERE WASN'T A NEW AFSCME CONTRACT ISSUED YET THEREFORE THE PRIOR AGREEMENT TAKES PRECEDENCE UNTIL SUCH CHANGES ARE INSTITUTED THUS MAKING THE EXPIRED CONTRACT VALID AT THIS PARTICULAR TIMEFRAME.

ON 7-13-2015 AND 7-17-15 PLAINTIFF, MONICA LYNN BARRY, HAD TYPED A RESIGNATION LETTER TO PERSONNEL, LOGAN CORRECTIONAL CENTER, EXPRESSING THAT IT WAS BEING

SUBMITTED THROUGH COERCION. (SUBMITTED VIA FAX-PLEASE REFER TO DOCUMENTS ENCLOSED). PLAINTIFF, MONICA LYNN BARRY, DECLINED ALTERNATIVE EMPLOYMENT BECAUSE IT DOESN'T GUARANTEE EMPLOYMENT, IT IS A VOLUNTARY PROGRAM AND PLAINTIFF PARTICIPATED IN THE PROGRAM BEFOREHAND IN 2006 AND WAS PLACED IN A STATE POSITION THAT HAD A HIGH TURN OVER RATE WHICH RESULTED IN A WRONGFUL PROBATIONARY DISCHARGE ON 12-1-06. THE PROBATIONARY DISCHARGE WAS LATER EXPUNGED AFTER GOING THROUGH A LENGTHY ARBITRATION PROCESS WITHOUT PAY. (SEE DOCUMENT DATED 8-28-07)

COMPLAINT FILED ON 9-14-15 WITH THE DEPARTMENT OF HUMAN RIGHTS CONCERNING DISCRIMINATION OF A DISABILITY AND RETALIATION. (SEE DOCUMENTS ENCLOSED PLEASE). ACTUAL CHARGE FILED ON 9-25-15. CHARGE NO. 2016SF0504 DOCUMENTED.

5. NOW COMES PLAINTIFF, MONICA LYNN BARRY, WHO MEETS ADA (AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED) REQUIREMENTS DUE TO TITLE 42, SECTION, 12102 THAT DESCRIBES THE DEFINITION OF A DISABILITY. A) A PHYSICAL OR MENTAL IMPAIRMENT THAT SUBSTANTIALLY LIMITS ONE OR MORE MAJOR LIFE ACTIVITIES OF SUCH INDIVIDUAL AND B) A RECORD OF SUCH AN IMPAIRMENT. (REQUESTING FROM THE COURT ADDITIONAL TIME TO RETRIEVE MEDICAL FROM DR. EAGLETON TO CONFIRM THIS IF DOCUMENT IS NOT ATTACHED). DOCUMENT DATED 6-23-15 SUBMITTED TO ADA COORDINATOR FOR IDOC (CORRECTIONS). FURTHER DISPUTE IS AS FOLLOWS: DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGEMENT DUE TO THE FACT THAT EVIDENCE WILL SHOW THAT CORRECTIONAL STAFF GARY WEBB AND BILL LAWSON WORKED IN ASSIGNMENTS THAT DID NOT REQUIRE THEM TO WORK A MYRIAD OF ASSIGNMENTS WHILE IN THE SCOPE OF THEIR DUTIES AS OFFICERS. THEIR PERSONNEL FILES THAT PROVIDE DOCUMENTATION AS TO THE DATES WORKED AND LOCATION WILL PROVIDE SUBSTANTIAL INSIGHT THAT NOT ONLY DID A POSITION EXIST FOR THE PLAINTIFF, SUCH AS A TOWER, BUT THAT THE DURATION WORKED BY GARY WEBB AND BILL LAWSON SUGGESTS THAT IT DOES NOT INTERFERE WITH MANAGEMENT'S RIGHT TO ASSIGN. (AS DESCRIBED IN CAMILLE LINDSAY'S REPORT DATED 2-25-2014, PG. 3. ONCE AGAIN, PLAINTIFF, MONICA LYNN BARRY, DOES NOT HAVE GAINFUL ACCESS TO WORK RECORDS OF RETIRED CORRECTIONAL OFFICER, GARY WEBB OR CORRECTIONAL OFFICER BILL LAWSON. THE PLAINTIFF, REQUESTS THE COURT REQUEST THESE DOCUMENTS FOR ADDITIONAL REVIEW ALONG WITH THE ELECTRONIC SURVEILLANCE TAPES IN THE INFIRMARY AT LOGAN CORRECTIONAL CENTER CONCERNING THE USE OF SYRINGES BY DIABETIC INMATES. LOG BOOKS REFERENCE WHERE EMPLOYEES WORK AND WHEN. (SEE NO. 6).

6. EVIDENCE WILL DEMONSTRATE THROUGH WORK RECORDS AND OR LOG BOOKS *OR ROSTERS* OF GARY WEBB THAT A REASONABLE ACCOMMODATION EXISTED FOR PLAINTIFF, MONICA LYNN BARRY BY WORKING A TOWER OR HAD THERE NOT BEEN CONFUSION BY CAMILLE LINDSAY'S REPORT DATED 2-25-2014, THAT I COULDN'T WORK POSITIONS THAT WERE IN VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT AS DESCRIBED ABOVE WILL DEMONSTRATE PLAINTIFF, MONICA LYNN BARRY, COULD HAVE BEEN WORKING ALL OF THIS TIME WHILE ON LEAVE AND NOT BEEN COERCED TO RESIGN BY DEANNA CLARK AND TERA SPENCER. PLAINTIFF, WAS OFFERED A POSITION ON 11-7 SHIFT THUS CREATING A DISPUTE AS TO WHY I AM OFF WORK?

7. PLAINTIFF, MONICA LYNN BARRY, NOW COMES FORTH PURSUANT TO REFERENCED LAW, FEDERAL RULE OF CIVIL PROCEDURE 56, THAT GENUINE MATERIAL FACT HAS BEEN PRESENTED AND DISPUTED HEREIN THUS RESPECTFULLY REQUESTING THE HONORABLE COURT TO DENY SUMMARY JUDGEMENT REQUESTED BY THE DEFENDANTS AND ENTER JUDGEMENT IN WHOLE OR PART FOR THE PLAINTIFF, MONICA LYNN BARRY.

RESPECTFULLY SUBMITTED,

PLAINTIFF, MONICA LYNN BARRY
(WITHOUT LEGAL COUNCIL)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MONICA LYNN BARRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 14-3199 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR SUMMARY JUDGMENT

NOW COMES the Defendant, ILLINOIS DEPARTMENT OF CORRECTIONS, by and through its Attorney, Lisa Madigan, Attorney General for the State of Illinois, and pursuant to Federal Rule of Civil Procedure 56 moves for summary judgment stating as follows:

1. On December 17, 2014, Plaintiff, Monica Barry, filed an Amended Complaint alleging that she has been diagnosed with asthma that makes it difficult for her to engage in the major life activity of breathing, especially when the atmosphere contains irritants such as pepper spray. (Doc. 13).

2. Plaintiff also alleges that in May and June 2013 she requested the IDOC to grant her a reasonable accommodation, specifically a permanent assignment away from regular prisoner contact, and/or to be transferred to the Lincoln Correctional Center to eliminate or greatly reduce the chance that she would be exposed to pepper spray. *Id.* at 3-4.

3. Plaintiff alleges that on or about August 5, 2013, the IDOC denied her request for a reasonable accommodation with an explanation, but without the use of any sort of interactive process. Id. at 4. Plaintiff alleges that on or about August 26, 2013, she submitted another request

for accommodation in which she asked to be allowed to return to work, but to carry a gas mask in case of the use of pepper spray in her vicinity. *Id.*

4. In addition Plaintiff alleges this accommodation was denied as well without any interactive process and that by refusing to provide her any accommodation the IDOC constructively discharged her. *Id*

5. Defendant, IDOC, now moves for summary judgment on Plaintiff's claims because Plaintiff is not a qualified individual under the American with Disabilities Act (ADA) because she cannot perform the essential functions of her job.

6. In the alternative, assuming *arguendo*, Plaintiff is a qualified individual, IDOC is entitled to summary judgment because Plaintiff does not have evidence a reasonable accommodation existed for her position.

7. Attached hereto and incorporated by reference is a memorandum of law in support.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this honorable court grant their motion for summary judgment and enter judgment in their favor.

Respectfully submitted,

ILLINOIS DEPARTMENT OF CORRECTIONS,

Defendant,

LISA MADIGAN, Attorney General
State of Illinois

Attorney for Defendant,

By: s/Dylan P. Grady
DYLAN P. GRADY
Assistant Attorney General

Dylan Grady, #6309120
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-9026 Phone
(217 524-5091 Fax
Email:dgrady@atg.state.il.us