IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MONICA LYNN BARRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   14-3199 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION *IN LIMINE* 1

By this motion, Plaintiff moves this court, *in limine*, before the jury selection, or the trial commences, for an order instructing Defendant and Defendant's counsel, and each and every one of their witnesses, not to mention, interrogate upon, or in any other manner, convey to the jury (unless permission to the contrary is first obtained from the court outside of the jury's presence), anything concerning the following:

(1) any and all evidence regarding discipline, counseling, violations or otherwise given to the Plaintiff during her employment with the Illinois Department of Corrections.

### INTRODUCTION

Plaintiff has brought this action for money damages under the Americans with Disabilities Act, as amended 42 U.S.C. § 12101, et seq. (hereinafter "ADA") and Title VII as amended 42 U.S.C. § 2000e, et seq. Plaintiff claims that by refusing to provide her any accommodation, the Illinois Department of Corrections ("IDOC") constructively discharged her in violation of the ADA. Plaintiff also alleges that IDOC discriminated against her based on her disability, asthma, in violation of the ADA and her gender, female, in violation of Title VII. At trial, the main issue

will be whether the Defendant discriminated against Plaintiff on the basis of her race and/or gender when it refused to provide her with an accommodation.

## PLAINTIFF'S MOTION *IN LIMINE* 1

Defendant must be prohibited from mentioning, inquiring about, or in any other manner conveying to the jury anything concerning discipline, counseling or otherwise given to the Plaintiff. This includes any oral reprimands, written reprimands, and/or suspensions Plaintiff received during her employment with the IDOC.

Plaintiff believes that Defendant may attempt to introduce testimony and/or evidence relating to prior instances her of alleged misconduct during his employment with the IDOC. This evidence would most likely consist of, but not be limited to, employee discipline logs, memorandums of discipline, or in-person testimony regarding Plaintiff's disciplinary history. Plaintiff moves to bar this evidence as improper character evidence and propensity evidence pursuant to Federal Rule of Evidence 404. Moreover, any evidence of complaints or discipline is irrelevant, hearsay, and would be more prejudicial than probative under Federal Rule of Evidence 403. None of Plaintiff's alleged discipline received prior before she separated from the IDOC in 2015 is relevant to her claims of gender and disability discrimination arising from her failure to receive an accommodation.

Any testimony or evidence that Plaintiff may have acted wrongfully in the past is nothing more than "bad-acts" or "propensity" evidence. Under Federal Rule 404(b) propensity evidence is inadmissible to prove that Plaintiff acted consistently with his alleged bad character on the occasions in question. See *Huddleston v. U.S.*, 485 U.S. 681, 685 (1988); *U.S. v. Shriver*, 842 F.2d 968, 974 (7th Cir. 1988). No exceptions permit the introduction of propensity evidence against Plaintiff.

In this case, Defendant's only reason for introducing such evidence would be to attempt to taint the jury into believing that accusations of misconduct at work had been brought against Plaintiff in the past and that misconduct may have been the reason why Plaintiff left her employment with the IDOC. This would be improper as Defendant has not produced any documentation showing that Plaintiff left IDOC for any disciplinary reason. The undisputed evidence shows that Plaintiff resigned her position. Thus, any evidence, testimony, or argument regarding Plaintiff's disciplinary history must be barred as improper evidence. *See Anderson v. City of Chicago*, 2010 WL 4514828 (N.D. Ill Nov 2, 2010) (barring evidence of prior civilian complaints against defendant officer as impermissible propensity evidence); *Caldwell v. City of Chicago*, 2010 WL 380696 at *3 (N.D. Ill. Jan 28, 2010) (barring evidence of unrelated police misconduct).

Further, any probative value of Plaintiff's disciplinary history would be far outweighed by the danger of unfair prejudice under Federal Rule 403. *See also Berkovich v. Hicks,* 922 F.2d 1018, 1022 (2d. Cir 1991) (holding admission of evidence of other complaints against police officers was irrelevant and overwhelmingly prejudicial); *Lataille v. Ponte*, 754 F.2d 33, 34 (1st Cir. 1985) (prejudicial error to admit past disciplinary records). Accordingly, this evidence should be barred.

## CONCLUSION

Wherefore, for all the foregoing reasons, Plaintiff respectfully requests that the Court enter an order granting Plaintiff's Motion *in limine* 1.

Respectfully submitted,

s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| MONICA LYNN BARRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No.   14-3199 |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF FILING**

To:   Dylan P. Grady
      Assistant Attorney General
      Office of the Illinois Attorney General
      500 South Second Street
      Springfield, IL  62706

**PLEASE TAKE NOTICE** that on June 28, 2018 the undersigned filed with the Clerk of this Court, **PLAINTIFF'S MOTION *IN LIMINE* 1**, service of which is being made upon you.

                                        s/Jonathan R. Ksiazek
                                        Jonathan R. Ksiazek
                                        ED FOX & ASSOCIATES
                                        300 West Adams, Suite 330
                                        Chicago, IL 60606
                                        (312) 345-8877

**PROOF OF SERVICE**

I, Jonathan R. Ksiazek, an attorney, under penalty of perjury, and state that on June 28, 2018, service is being made in accordance with the General Order on Electronic Case Filing section XI.

                                        s/Jonathan R. Ksiazek
                                        Jonathan R. Ksiazek