IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MONICA LYNN BARRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   14-3199 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION *IN LIMINE* 2

By this motion, Plaintiff moves this court, *in limine*, before the jury selection, or the trial commences, for an order instructing Defendant and Defendant's counsel, and each and every one of their witnesses, not to mention, interrogate upon, or in any other manner, convey to the jury (unless permission to the contrary is first obtained from the court outside of the jury's presence), anything concerning the following:

(1) any and all evidence regarding any other lawsuits Plaintiff has filed or been involved in other than this matter.

### INTRODUCTION

Plaintiff has brought this action for money damages under the Americans with Disabilities Act, as amended 42 U.S.C. § 12101, et seq. (hereinafter "ADA") and Title VII as amended 42 U.S.C. § 2000e, et seq. Plaintiff claims that by refusing to provide her any accommodation, the Illinois Department of Corrections ("IDOC") constructively discharged her in violation of the ADA. Plaintiff also alleges that IDOC discriminated against her based on her disability, asthma, in violation of the ADA and her gender, female, in violation of Title VII. At trial, the main issue will be whether the Defendant discriminated against Plaintiff on the basis of her race and/or gender.

**PLAINTIFF'S MOTION *IN LIMINE* 2**

Defendant must be prohibited from mentioning, inquiring about, or in any other manner conveying to the jury anything any other lawsuits Plaintiff has filed or been involved in other than the instant case. This includes a workman's compensation case involved an injury to Plaintiff's shoulder that Plaintiff testified to in her deposition.

Plaintiff believes that Defendant may attempt to introduce testimony and/or evidence relating to lawsuits Plaintiff has filed against the IDOC, or been involved in, other than the present case. This evidence would most likely consist of, but not be limited to, testimony that Plaintiff filed a workman's compensation case against the IDOC related to her shoulder and any documents or testimony related to any other lawsuits Plaintiff has filed or been involved in.

Plaintiff moves to bar this evidence, and any further evidence or testimony regarding other lawsuits Plaintiff has filed or been involved in as improper character evidence and propensity evidence pursuant to Federal Rule of Evidence 404. Moreover, any evidence of prior lawsuits is irrelevant, hearsay, and would be more prejudicial than probative under Federal Rule of Evidence 403. Plaintiff's worker's compensation claim related to her shoulder is not relevant to her claims that she was discriminated against on the basis of her disability of asthma and gender.

Thus, any evidence, testimony, or argument regarding any of Plaintiff's other civil lawsuits must be barred as improper evidence. *See Anderson v. City of Chicago*, 2010 WL 4514828 (N.D. Ill Nov 2, 2010) (barring evidence of prior civilian complaints against defendant officer as impermissible propensity evidence); *Caldwell v. City of Chicago*, 2010 WL 380696 at *3 (N.D. Ill. Jan 28, 2010) (barring evidence of unrelated police misconduct).

Further, any probative value of Plaintiff's prior lawsuits would be far outweighed by the danger of unfair prejudice under Federal Rule 403. *See also Berkovich v. Hicks,* 922 F.2d 1018,

1022 (2d. Cir 1991) (holding admission of evidence of other complaints against police officers was irrelevant and overwhelmingly prejudicial); *Lataille v. Ponte*, 754 F.2d 33, 34 (1st Cir. 1985) (prejudicial error to admit past disciplinary records).  Accordingly, this evidence should be barred.

## CONCLUSION

      Wherefore, for all the foregoing reasons, Plaintiff respectfully requests that the Court enter an order granting Plaintiff's Motion *in limine* 2.

Respectfully submitted,

s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
300 West Adams, Suite 330
Chicago, IL 60606
(312) 345-8877

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| MONICA LYNN BARRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.   14-3199 |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

**NOTICE OF FILING**

To:   Dylan P. Grady
    Assistant Attorney General
    Office of the Illinois Attorney General
    500 South Second Street
    Springfield, IL  62706

**PLEASE TAKE NOTICE** that on June 28, 2018 the undersigned filed with the Clerk of this Court, **PLAINTIFF'S MOTION *IN LIMINE* 2**, service of which is being made upon you.

                    s/Jonathan R. Ksiazek
                    Jonathan R. Ksiazek
                    ED FOX & ASSOCIATES
                    300 West Adams, Suite 330
                    Chicago, IL 60606
                    (312) 345-8877

**PROOF OF SERVICE**

I, Jonathan R. Ksiazek, an attorney, under penalty of perjury, and state that on June 28, 2018 service is being made in accordance with the General Order on Electronic Case Filing section XI.

                    s/Jonathan R. Ksiazek
                    Jonathan R. Ksiazek