IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MONICA LYNN BARRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   14-3199 |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS**

NOW COMES the Plaintiff, MONICA BARRY ("Plaintiff"), by and through her attorneys, ED FOX & ASSOCIATES, LTD. and in support of her Petition for Attorney's Fees and Costs states as follows:

### I.     INTRODUCTION

After a three-day trial, on July 18, 2018 a jury awarded the Plaintiff, a former Illinois Department of Corrections ("IDOC") correctional officer, compensatory damages in the amount of $150,000 on her claim alleging discrimination under the Americans with Disabilities Act ("ADA"). Dkt. #71. On November 14, 2018, this Honorable Court entered an order awarding wages, benefits, interest and other damages totaling $320,899.25 to Plaintiff. Dkt. #76. This Court entered Judgment on these amounts, totaling $470,899.25, on November 26, 2018. Dkt. #77. As part of the Court's November 14, 2018 order, the Court allowed Plaintiff to file her petition for attorney's fees and costs pursuant to 29 U.S.C. Section 2617(a)(3) and Fed. R. Civ. P. 54. Accordingly, Plaintiff now files the following petition seeking attorney's fees and costs totaling $109,911.11.

1

The verdict on July 18, 2018 and order awarding wages and other damages on Plaintiff's claim under the ADA was an unequivocal victory qualifying Plaintiff as a fully-entitled prevailing party. Plaintiff's attorneys are well-qualified attorneys who spent a reasonable amount of time conducting limited discovery, preparing for trial and briefing post-trial motions in this matter. Thus, Plaintiff's counsel should be awarded the full amount of their fees and costs totaling $109,911.11.

## II.     ARGUMENT

### A.     As The Prevailing Party, Plaintiff's Counsel Are Presumptively Entitled To Their Reasonable Attorneys' Fees and Costs

The prevailing party in an ADA action may receive "a reasonable attorney's fee, including litigation expenses, and costs" directly attributable to that claim. 42 U.S.C. § 12205. Plaintiff's attorneys are seeking reasonable attorney's fees totaling $108,375 and litigation expenses and costs totaling $1,536.11, as documented below. Plaintiff's attorneys should be awarded these reasonable amounts because Plaintiff was a prevailing party in this case.

#### 1.     Background

On July 3, 2014, Plaintiff filed her complaint *pro se* against the Illinois Department of Corrections alleging claims under the ADA and a related claim of gender discrimination under Title VII. Dkt. #1. Attorney Charles S. Watson entered his appearance on behalf of the Plaintiff on November 17, 2014. Dkt. #11. Attorney Watson filed a First Amended Complaint on December 17, 2014. Dkt. #13. On January 27, 2017, Attorney Watson withdrew from the case due to health reasons. Plaintiff continued with her case *pro se* and responded to Defendant's Motion for Summary Judgment as a *pro se* party. On October 31, 2017, the Court entered an order denying Defendant's Motion for Summary Judgment. Dkt. #41.

On November 17, 2017, Jonathan R. Ksiazek and Edward M. Fox of Ed Fox & Associates, Ltd. entered their appearances on behalf of the Plaintiff. Dkt.'s #42,43. On December 21, 2017, the Court set a trial date of July 16, 2018. In-between November 2017 and July 2018, Plaintiff's counsel reviewed the previously disclosed discovery, requested and received further discovery, took one deposition and attempted to take several others. Plaintiff's counsel further attended several status hearings, prepared for and attended the pre-trial conference held on June 20, 2018, and prepared for and attended trial in July 2016.

Jury trial in this matter began on July 16, 2018 and took three days. Plaintiff proceeded to trial on both her gender claim under Title VII and ADA claim. At the close of Plaintiff's evidence on July 17, 2018, the Court granted Defendant's Motion for Judgment as a matter of law on Plaintiff's gender discrimination claim. The Court denied Defendant's Motion for Judgment as a matter of law on Plaintiff's ADA claim. Therefore, the jury was only asked to issue a verdict on Plaintiff's ADA claim. On July 18, 2018, the jury entered a verdict in favor of Plaintiff on her ADA claim in the amount of $150,000. Dkt. #71.

Post-trial, the parties exchanged discovery on Plaintiff's lost wages and other damages and briefed those issues before this Court. On November 7, 2018, the parties had an in-person hearing with the Court regarding the Plaintiff's lost wages and other damages. The Court entered an order on November 14, 2018 awarding $320,899.25 to Plaintiff for back pay, front pay, interest, other benefits and interest. Dkt. #76. On November 26, 2018, the Court entered Judgment on the verdict of $150,000 and total award of $320,899.25 for wages, benefits and interest. Dkt. #77.

2. **Plaintiff Was Unquestionably A Prevailing Party**

Under applicable law, a plaintiff may be considered a prevailing party "…if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in

bringing suit." *Sottoriva v. Claps*, 617 F.3d 971, 975 (7th Cir. 2010). When a party prevails at trial in a civil rights case, as Plaintiff did here, the prevailing attorneys are entitled to recover their reasonable attorneys' fees for the services they provided. *County of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (fee awards are designed "to encourage the bringing of meritorious claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel").

Plaintiff won a substantial jury award on her one claim of discrimination under the ADA at trial. Thus, there is no question that Plaintiff is the "prevailing party" within the meaning of 42 U.S.C. §1988(b). Plaintiff's ADA claim was the only claim at issue in this case for the jury to consider[1]. Plaintiff sought compensatory damages in her initial pleading and obtained an award of $150,000 for the emotional distress that she suffered and lost wages and other damages in the amount of $320,899.25. Thus, she achieved her entire purpose for suing the Illinois Department of Corrections. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Farrar v. Hobby*, 506 U.S. 103, 111-112 (1992). Because the jury found entirely in Plaintiff's favor, there can be no dispute that Plaintiff was a prevailing party.

**B.     The Number Of Hours Billed In This Case Was Reasonable, And Should Be Approved Based Upon *Hensley* Factors**

As outlined above, the litigation and trial in this case was hard-fought. Trial in this matter was three days due to the legal issues and testimony necessary to prosecute this case. As outlined below, Plaintiff's counsel spent a substantial, yet reasonable, amount of time achieving a full

---

[1] While Plaintiff's gender discrimination claim was dismissed on a Rule 50 motion at the close of Plaintiff's evidence at trial, the evidence at trial mainly focused on the ADA claim and any evidence on both claims closely overlapped (*i.e.*, correctional officers other than Plaintiff were allowed have gas masks). The jury was not asked to rule on Plaintiff's gender claim.

4

success for Plaintiff. This is especially true considering that Plaintiff's counsel only appeared in the case after the Court issued its opinion on summary judgment.

Under lodestar principles, the amount of the attorney fee award is calculated by multiplying reasonable hours times hourly rate. *Hensley*, 461 U.S. at 433. The lodestar is presumptively an appropriate measure of the fee award. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). As the Supreme Court has stated, this "strong presumption that the lodestar figure … represents a reasonable fee is wholly consistent with the rationale behind [§ 1988]." *Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989). However, the loadstar may be adjusted either up or down based upon a variety of factors such as:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases.

*Hensley*, 461 U.S. at 430.

In total, Ed Fox & Associates, Ltd. seeks compensation for 270.5 hours billed during their involvement in this case, including time spent on post-trial matters and the fee petition[2], as well as anticipated briefing on a motion for remittitur or motion notwithstanding the verdict[3], for a lodestar of $108,375.00. The hours billed are documented in Plaintiff's counsel's time sheets updated

---

[2] "Ample case law supports the proposition that when a prevailing party is forced to litigate to obtain a fee award, a component of that award may include a reasonable fee for the time expended in preparing and litigating the fee petition." *Trs. of the Chicago Plastering Inst. Pension Trust v. Cork Plastering, Inc.,* 2008 WL 728897, at *6 (N.D. Ill. Mar. 18, 2008).

[3] Defendant's counsel has indicated that the anticipate filing post-trial motions regarding the verdict in this matter. See Defendant's e-mail attached to Exhibit E.

through today's date, attached hereto along with counsel's declarations as Group Exhibits A and B, and separately in Group Exhibit E, are summarized in the following chart.

| Lawyer | Hours | Rate | Total |
|---|---|---|---|
| Ed Fox | 55.5 | $500 | $27,750 |
| Jonathan Ksiazek | 215 | $375 | $80,625 |
| **TOTAL** | | | **$108,375.00** |

Plaintiff's attorneys' fees are reasonable and justified based upon the success that Plaintiff achieved. This court should award Plaintiff's counsel their lodestar based on several of the most important *Hensley* factors discussed below.

### 1. The Amount Involved and Results Obtained

The most significant *Hensley* factor to be considered by the court is the degree of Plaintiff's success in relation to her claims. *Farrar*, 506 U.S. at 114; *Telepro, Inc. v. Renello*, 1994 WL 380607 (N.D. Ill. July 18, 1994) ("The degree of Plaintiff's success in relation to his claims is the most critical factor in determining the amount of attorney's fees awarded."). Defendant cannot dispute that Plaintiff's victory on her ADA claim in the amount of over $470,000 was significant and substantial. The award is also notable from a public policy standpoint in that Plaintiff's victory will contribute to the deterrence of future civil rights violations involving disabled individuals like the Plaintiff. Based upon the fact that Plaintiff obtained the highest level of success in the most significant *Hensley* factor, this Court should award Plaintiff's attorney's fees at the full requested amount.

### 2. Plaintiff's Billable Hours Are Reasonable In Light Of the Fact That Defendant Never Offered Any Money to Settle This Case

In determining an appropriate fee award, courts also may consider whether the party claiming attorney's fees rejected substantial settlement offers. *Moriarty v. Svec*, 233 F.3d 955, 967 (7th Cir. 2000). While the parties discussed the possibility of settlement on several occasions, the Defendant never formally offered any money to settle this case. If Defendant had made a reasonable monetary offer to Plaintiff, then Plaintiff would have engaged settlement discussions and could have potentially resolved the case short of trial. Because of the Defendant's failure to offer any amount to resolve this case, Plaintiff had to incur fees to bring this case to judgment. Plaintiff's fees were reasonable and necessary based upon the Defendant's refusal to engage in any meaningful settlement negotiations.

### C. Plaintiff's Counsel's Hourly Rates Are Reasonable And Should Be Approved

The purpose and intent of §1988 is to attract talented lawyers to civil rights cases. The Supreme Court has explained that §1988 provides for civil rights attorneys to be compensated at "prevailing market rates," in order to encourage lawyers who could otherwise command higher billing rates in commercial pursuits to represent civil rights plaintiffs in cases that might not otherwise be litigated. *Blanchard v. Bergeron*, 489 U.S. 87, 93-94 (1989).

Courts often determine the market hourly rate in fee petitions by looking at "the rate charged by lawyers in the community of reasonably comparable skill, experience, and reputation." *Muzikowski v. Paramont Pictures Corp.,* 477 F.3d 899, 909 (7th Cir. 2007). In doing this courts examine the affidavits of the attorneys involved as well as third party affidavits "from other attorneys disclosing their rates for similar cases or through rates courts have awarded in other fee petitions." *Id.* Once a fee applicant presents sufficient evidence to establish the reasonableness of

the rates sought, the burden shifts to the other side to present evidence to justify the award of a lower rate. *Gautreaux v. Chi. Housing Authority,* 491 F.3d 649, 559–60 (7th Cir. 2007).

### 1. Prevailing Market Rates

Ed Fox & Associates, Ltd. is a civil rights firm that regularly litigates cases, including the instant case, on a contingency basis. When a prevailing party's attorney "maintains a contingent fee or public interest practice" and thus lacks billing records showing the hourly rate he or she charges paying clients, the court "should look to the next best evidence—the rate charged by lawyers in the community of reasonably comparable skill, experience, and reputation." *People Who Care v. Rockford Bd. of Educ.*, 90 F. 3d 1307, 1311 (7th Cir. 1996).

The rates Edward M. Fox and Jonathan R. Ksiazek seek - $500 and $375, respectively - are consistent with those regularly awarded to civil rights attorneys of similar experience and skill. Courts have routinely awarded attorneys of similar experience, reputation and skill to Ed Fox an hourly rate of $500 per hour. See, e.g., *First Midwest Bank v. City of Chicago*, No. 14 C 9665, 2018 WL 4126570, at *23 (N.D. Ill. Aug. 29, 2018) (awarding Anthony Romanucci, an attorney with 33 years' experience, an award of $550 an hour in a civil rights matter); *Adamik v. Motyka*, No. 12 C 3810, 2018 WL 3574751, at *3 (N.D. Ill. July 25, 2018) (awarding $495 an hour to Edward Genson, an attorney with over 30 years' experience, in a civil rights matter); *Fox ex rel. Fox v. Barnes*, 2013 WL 4401802, at *3-4 (N.D. Ill. Aug. 15, 2013) (awarding attorney Jon Loevy, a top civil rights attorney in Chicago who has been practicing for over 24 years, $505 per hour); *Jimenez v. City of Chicago*, 2012 WL 5512266, at *2 (N.D. Ill. Nov. 14, 2012) (awarding Loevy $495 per hour).

Jonathan Ksiazek, an attorney with ten years' experience total and nine years of experience litigating civil rights matters, seeks a rate of $375 an hour. This rate is warranted based on the

prevailing market rate for attorneys of comparable skill and experience. See, *e.g.*, *Flora v. Dart*, No. 15 C 1127, 2018 WL 2765919, at *3 (N.D. Ill. June 9, 2018) (awarding attorney Joel Flaxman, an attorney with 10-plus years in the field of civil rights, a rate of $375); *Norton v. City of Springfield*, No. 13-3316, 2017 WL 6402631, at *8 (C.D. Ill. Dec. 15, 2017) (finding that award of $375 for attorney Adele Nicholas, an attorney with ten years' experience in the area of civil rights, was reasonable); *Montanez v. Fico*, 931 F. Supp. 2d 869 (N.D. Ill., 2013) (awarding attorney Brendan Schiller, an attorney with nine years of experience in the area of civil rights at the time, a rate of $385 per hour); *Weyker v. Quiles*, 14-cv-782-PP (E.D. Wis., Sept. 4, 2015) (awarding attorney Ronak Maisuria, an attorney with nine years of civil rights experience, $375 per hour); *Gibson v. City of Chicago*, 10 C 5310, 2012 WL 2775025, at *5 (N.D. Ill. July 6, 2012) (awarding Amanda Yarusso, a civil rights attorney with eight years of experience, $350 per hour).

In support of the prevailing market rates in 2018 for attorneys comparable to Plaintiff's counsel, Plaintiff has attached the affidavits of Paul Strauss and Adele Nicholas. *See* Exhibits C and D, respectively. As demonstrated through his affidavit, Mr. Strauss has performed employment litigation work since 1981 and bills at a rate of $550.00 per hour. Ms. Nicholas and has been working as a civil rights attorney for the same amount of time as Jonathan Ksiazek and her billing rate is $375.00 per hour.

    **2.    Given Their Qualifications and Accomplishments in this case, Plaintiff's Counsel Should Be Awarded Their Requested Rates**

Plaintiff's counsel's hours and hourly rates are set forth on the Joint Fee Summary attached hereto as Exhibit F. The rates of $500 and $375 are further justified based upon the experience and skills of Mr. Fox and Mr. Ksiazek as outlined below.

### a. Ed Fox

Over the course of this litigation, Ed Fox served in a supervisory capacity and provided advice about strategic decisions and trial guidance. Mr. Fox billed efficiently, billing less than 60 hours total. Mr. Fox's time concentrated on strategizing and preparing for trial and conducting the trial. Ex. C. Ed Fox seeks $500 an hour, which is commensurate with the range of hourly rates awarded to attorneys Antonio Romanucci, Edward Genson, Jon Loevy and Mr. Strauss's billing rate of $550 discussed above in the case law and attached affidavits. The $500 an hour rate sought by Mr. Fox is appropriate based on Mr. Fox's experience and skill, and recent attorney fee awards other Judges have awarded Mr. Fox.

Mr. Fox has been in practice for over 30 years. Mr. Fox has been always substantially involved in employment litigation in both California and Illinois and has tried more than 60 civil rights cases to a jury (and numerous more bench trials). In connection with discrimination and retaliation issues Mr. Fox has testified before the United States Congress House Ways and Means Committee on racial profiling. In 2009, Mr. Fox won an Award for Excellence in Pro Bono and Public Interest Service. As set forth more fully in his declaration, attached hereto as Exhibit A, Mr. Fox has enjoyed success in a wide range of employment litigation issues, and has been the owner of his law firm since 1998 (with 4 attorneys presently) in which civil rights issues, including employment discrimination and ADA cases, play a large role. *See* Ex. A.

Mr. Fox has had numerous successful Appellate and District Court opinions in both the Seventh and Ninth Circuits. He has helped shaped the law in connection with cavity searches at O'Hare airport, the ability to conduct random drug searches in the workplace in California, and this past year, evidentiary issues in connection with prior arrests in excessive force/false arrest cases. *See, e.g., Overby v. Chevron* 884 F.2d 470 (9th Cir. 1988); *Anderson v. Cornejo,* 355 F.3d

1021 (7th Cir. 2004); and *Barber v. City of Chicago, et al.,* 725 F.3d 702 (7th Cir. 2013). Mr. Fox has also presented at Seminars on Civil Rights issues, most recently in 2013 for the Lorimar company on section 1983 issues. Ex. A.

With respect to billing rates, Judge Wood of the Northern District of Illinois awarded Mr. Fox $490.00 for work performed in a trial victory in 2014 in a case titled *Corcoran v. City of Chicago*, 10-cv-6825. Also in 2014, Mr. Fox was awarded $510 per hour in a wage and hour case titled *Bocik, et al., v. Matthews Drywall and Decorating Inc.*, Case No. 13-cv-7011. *See* Ex. F, collected cases related to attorney's fees awards. Most recently, in a Northern District of Illinois case titled *Robinson v. Metra*, 14-cv-9407, the Court awarded Mr. Fox $500 per hour. *Id*. This Court should award Mr. Fox the same rate he obtained this year in the *Robinson* case, $500 per hour.

    b.  **Jonathan Ksiazek**

Mr. Ksiazek is an attorney with ten years' experience. He served as the main attorney on this case after Ed Fox & Associates, Ltd. filed their appearances in this case and performed the majority of work in this matter. Along with Mr. Fox, Mr. Ksiazek performed a substantial amount of work to prepare for and attend trial. Mr. Ksiazek joined Ed Fox & Associates in 2009, and his considerable litigation experience is summarized in his Affidavit. *See* Ex. B. In the past, Mr. Ksiazek has also taught and coached the mock trial teams at the University of Illinois and Northwestern University. Mr. Ksiazek also was a member of the Civil Rights Clinic at the University of Illinois College of Law, during which time he conducted a three-day trial in the Central District of Illinois. *Id*. In the past, Courts in the Northern District of Illinois have awarded Mr. Ksiazek $215.00/hour as a first-year associate, $250.00 an hour as a third-year associate, $275.00 an hour as a fourth-year associate and $300 as a fifth-year associate. *Id*.

For his work in this case, Mr. Ksiazek is seeking for $375 an hour. There is ample support for this rate as similar rates have been awarded to attorneys in the Central and Northern District of Illinois with comparable experience. *See* Ex. F, collected cases related to attorney's fees awards. Further, Adele Nicholas an attorney with similar experience, billd the same hourly rate that Mr. Ksiazek is seeking, $375. Based upon the prevailing market rate and each of the submitted affidavits, this Court should award Mr. Ksiazek a $375 an hour rate.

**D.      The Lodestar Should Not Be Reduced**

Plaintiff anticipates that the Defendant will argue that the hourly rates sought by Plaintiff's counsel in this matter should be reduced based on the lower rates typically charged by attorneys practicing in Peoria, Illinois, as opposed to the Chicago market where Plaintiff's counsel typically practices. However, the Seventh Circuit has explained that where, as here, legal services "of equal quality" were not "readily available at a lower charge or rate in the area where the services were to be rendered," it is appropriate for a Plaintiff to hire an out-of-town attorney who charges a higher hourly rate and, under such circumstances, a court should award the out-of-town attorney his or her customary rate. *Mathur v. Bd. of Trustees of Southern Il. Univ.*, 317 F.3d 738, 744 (7th Cir. 2003) (citing *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 769 (7th Cir. 1982).

In *Mathur*, the Seventh Circuit found it was an abuse of discretion for the U.S. District Court for the Southern District of Illinois to lower a Chicago attorney's hourly rate for services rendered in a civil rights action in Carbondale, Illinois, based on the "prevailing local rates in southern Illinois" without taking into account "the quality of services rendered" by the out of town attorney. *Id*. at 744; see also *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1153 (7th Cir. 1993) ("If, however, a party does not find counsel readily available in that locality with whatever degree of

skill may reasonably be required, it is reasonable that the party go elsewhere to find an attorney, and the court should make the allowance on the basis of the chosen

attorney's billing rate ...").

Here, Plaintiff's counsel should be awarded fees based on their customary hourly rates in the Chicago market where they typically practice for at least three reasons, including (1) Plaintiff's inability to find an attorney for a significant period of time after her first attorney had to withdraw for health reasons; (2) Plaintiff's counsel's particular experience and expertise in civil rights, specifically ADA issues affecting the rights of Plaintiff; and (3) the complexity and importance of the constitutional issues raised in this litigation.

**E.     Plaintiff's Expenses And Costs Are Reasonable And Should Be Approved**

In its effort to prevail for Plaintiff, Ed Fox & Associates spent $1,536.11 in expenses and costs recoverable under Section 1988 and/or Section 1920. *See* Ex. G, Bill of Costs. The receipts documenting these expenses and costs are included in Group Exhibit H, along with a summary listing each item. *Heiar v. Crawford County,* 746 F.2d 1190, 1203 (7th Cir. 1984) (holding that a reasonable attorney's fee also includes "expenses that are distinct from … statutory costs or the costs of the lawyer's time reflected in his hourly billing rates," and includes such things as postage, long-distance calls, travel, and computerized legal research); *Haroco, Inc. v. American Nat'l Bank & Trust Co.,* 38 F.3d 1429, 1440 (7th Cir. 1994).

Exhibit H contains receipts and invoices for items that are recoverable as expenses if the Court declines to award them as distinct from costs, such as travel to and from the deposition of DeAnn Clark, travel to trial and other hearings in Peoria, Illinois, hotel costs for the three day trial, and postage expenses. See *DiSorbo v. City of Schenectady*, 2004 WL 115009, at *5 (N.D.N.Y. Jan. 9, 2004) (prevailing plaintiff in civil rights case against police officers was entitled to recover

13

as costs travel expenses incurred, such as airfare and hotel expenses); *Erickson v. City of Topeka*, 239 F. Supp. 2d 1202 (D. Kan. 2002); *Johnson v. Mortham*, 950 F. Supp. 1117 (N.D. Fla. 1996). Accordingly, Plaintiff should be awarded her total amount of expenses and costs totaling $1,158.08 for the reasons stated in her bill of costs as well as based upon Plaintiff's right to be awarded expenses as a prevailing party.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court grant her Petition for Fees and Bill of Costs and award Plaintiff's counsel fees and costs in the total amount of $109,911.11, consisting of $108,375.00 in attorney's fees and $1,536.11 in costs and expenses.

Respectfully Submitted,

s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES, LTD.
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MONICA LYNN BARRY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No. 14-3199 |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) |
| | ) |
|     Defendant. | ) |

## NOTICE OF FILING

To:   Dylan P. Grady
       Assistant Attorney General
       Office of the Illinois Attorney General
       500 South Second Street
       Springfield, IL 62706

    PLEASE TAKE NOTICE that on November 28, 2018, the undersigned filed with the Clerk of this Court, **PLAINTIFF'S PETITION FOR ATTORNEY'S FEES AND COSTS**, service of which is being made upon you**.**

                                              s/Jonathan R. Ksiazek
                                              Jonathan R. Ksiazek
                                              ED FOX & ASSOCIATES
                                              300 West Adams, Suite 330
                                              Chicago, IL 60606
                                              (312) 345-8877

## PROOF OF SERVICE

    I, Jonathan R. Ksiazek, an attorney, under penalty of perjury, and state that on November 28, 2018, service is being made in accordance with the General Order on Electronic Case Filing section XI.

                                                s/Jonathan R. Ksiazek
                                                Jonathan R. Ksiazek