IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MONICA LYNN BARRY,<br><br>    Plaintiff,<br><br>    v.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Case No. 1:14-cv-03199-MMM-TSH |

## O<span style="font-variant:small-caps">rder</span>

Before the Court is the Defendant's, the Illinois Department of Corrections ("IDOC"), combined Motion under Federal Rules of Civil Procedure 50(b) and 59. (D. 84).[1] IDOC also submitted a supporting memorandum thereto. (D. 83). The Plaintiff, Monica Lynn Barry, filed a Response. (D. 85). In brief, after the Plaintiff obtained a verdict against the Defendant at trial in this Court, the Defendant now argues that they are entitled to judgment as a matter of law and, alternatively, that they are entitled to a new trial. For the reasons set forth below, the Defendant's Motion (D. 84) is DENIED.

### BACKGROUND

The Plaintiff filed suit against the Defendant, alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et. seq.*, and Title VII, 42 U.S.C. § 2000e, *et seq*. (D. 13 at pg. 1). She claimed the Defendant's refusal to make a reasonable accommodation for her resulted in her constructive discharge from her position as a correctional

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

officer with the IDOC and that the Defendant discriminated against her on the basis of her disability (asthma) and gender.

The Plaintiff worked for the Defendant as a correctional officer at the Logan Correctional Center. In February 2013, IDOC granted her leave under the Family Medical Leave Act (29 U.S.C. § 2601, *et seq.*) due to her asthma, which rendered her partially unable to do her job. Her asthma was exacerbated by potential irritants, specifically pepper spray. Although the Plaintiff was never exposed to the spray at work, it was used with some frequency at Logan. The Plaintiff requested a transfer to Lincoln Correctional Center in May 2013. She claimed pepper spray was used less often at Lincoln. The Defendant denied her request.

By July 2013, the Plaintiff submitted statements to the Defendant from physicians supporting her position that avoiding exposure to pepper spray necessitated a medical leave of absence until she could be reassigned accordingly. The Defendant gave the Plaintiff a leave of absence on July 21, 2013. Separately, the Plaintiff asked the Defendant to grant her two reasonable accommodations: (1) permanent assignment away from regular prisoner contact to reduce or eliminate her chances of exposure to pepper spray and (2) to carry a protective mask for utilizing in the event that she was in the vicinity of deployed pepper spray. These requests were recommended by her doctor. She provided the Defendant with the relevant documentation. The Defendant denied the Plaintiff's requests. She ultimately resigned from her position as a correctional officer, effective July 17, 2015.

In July 2018, the Court presided over the jury trial in this matter. Relevant to the pending Motion, the Plaintiff presented evidence regarding her accommodation requests—reassignment to Lincoln, permanent assignments involving less contact with prisoners, and carrying a protective mask—and the Defendant's subsequent denials of each. The former acting warden of

2

Logan testified that it was IDOC policy to warn personnel, when practicable, about pepper spray use beforehand so they could don a protective mask or leave the vicinity before it was disbursed. The Defendant, however, disputed whether anyone could properly affix a protective mask in sufficient time when pepper spray was deployed without warning. The effectiveness of a protective mask in response to pepper spray—even for someone with asthma—was affirmed by an IDOC employee's testimony. The Defendant also presented testimony in support of their claim that carrying a protective mask in the prison was a security risk. The Plaintiff argued otherwise, claiming such a measure was a reasonable accommodation of her disability.

After the parties finished presenting evidence, the Defendant moved for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(a) on both of the Plaintiff's claims. The Court granted the Defendant's Rule 50(a) motion and dismissed the Plaintiff's gender discrimination claim (D. 87 at pg. 7), but denied it as to her ADA claim (*Id*. at pg. 11). (See also, the Court's July 17, 2018 Minute Entry). The Court explained that the evidence presented up to that point had established that the Plaintiff's accommodation requests changed over time. (D. 87 at pp. 8-9). The Court noted that as her request "developed, [ ] the issue was could there be a gas mask made available to her where she was assigned so, if there was a situation, she could put on the gas mask or maybe even be removed from the area as the warden—one warden suggested." *Id*. at pg. 9.

In making their argument that the Plaintiff's ADA claim should be dismissed as a matter of law, the Defendant's sole assertion was that the Plaintiff failed to establish that she could perform the essential functions of her job—a necessary component of an ADA claim. (D. 87 at pp. 9-11). The Defendant emphasized that the evidence established that the Plaintiff was only willing to accept certain assignments as a correctional officer. In their view, this conflicted with

3

the standard enunciated in *Miller v. Illinois Dept. of Corrections*, 107 F. 3d 483 (7th Cir. 1997), and therefore, the Plaintiff did not qualify as having a disability under the ADA. *Id*.

The jury found in favor of the Plaintiff on her ADA claim and awarded her $150,000 in compensatory damages for mental/emotional pain and suffering. (D. 71). The Defendant filed the instant combined Motion under Federal Rules of Civil Procedure 50(b) and 59 in January 2019. (D. 84). They argue under both rules that: (1) no reasonable jury could have concluded the Plaintiff was a qualified individual under the ADA (D. 83 at pp. 3-5); (2) the Plaintiff did not make reasonable accommodation requests (*Id*. at pp. 5-8); and (3) they offered her reasonable accommodations (*Id*. at pg. 8).

## LEGAL STANDARD

A Rule 50(b) motion "is only a renewal of the preverdict [50(a)] motion, [and] it can be granted only on grounds advanced in the preverdict motion." *Passanti v. Cook County*, 689 F. 3d 655, 660 (7th Cir. 2012) (citing FED. R. CIV. P. 50(b), comm. Note (2006 amend.)) (additional citations omitted). Parties forfeit claims they did not argue both preverdict and postverdict. *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404-05 (2006). The Plaintiff does not argue the Defendant forfeited any arguments in her Response. (D. 85). She does, however, highlight the applicable standard from *Passanti*, requiring that a Rule 50(b) motion only be granted on grounds asserted in a prior Rule 50(a) motion. *Id*. at pg. 2.

Therefore, the Defendant forfeited their latter Rule 50(b) arguments that the Plaintiff did not make reasonable accommodation requests and that they offered her reasonable accommodations, by failing to argue these points in a Rule 50(a) motion at trial. Thus, the Defendant's only remaining Rule 50(b) claim is that no reasonable jury could have concluded that the Plaintiff was a qualified individual under the ADA. (D. 83 at pp. 3-5).

4

When reviewing Rule 50 motions, the Court "views the evidence and all reasonable inferences in a light most favorable to the party who prevailed under the verdict." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150-51 (2000). In making a Rule 50(b) determination, the Court is not at liberty to weigh the parties' evidence, judge the credibility of witnesses, or substitute its judgment of the facts for that of the jury's. *McNabola v. Chicago Transit Authority*, 10 F. 3d 501, 515 (7th Cir. 1993). Judgment as a matter of law may only be granted where "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on [an] issue." FED. R. CIV. P. 50. Simply put, "[a] trial court should overturn a verdict only where the evidence supports but one conclusion—the conclusion not drawn by the jury." *Ryl-Kuchar v. Care Centers, Inc.*, 565 F. 3d 1027, 1030 (7th Cir. 2009) (citing *Pierce v. Atchison, Topeka & Santa Fe Ry. Co.*, 65 F. 3d 562, 568 (7th Cir. 1995)).

Along the same lines, when reviewing motions for a new trial brought pursuant to Rule 59(a), the Court must "construe[] the evidence strictly in favor of the party who prevailed before the jury and examine[] the evidence only to determine whether the jury's verdict could [have] reasonably be[en] based on that evidence." *Passanti*, 689 F. 3d at 659 (citing *Tart v. Illinois Power Co.*, 366 F. 3d 461, 464 (7th Cir. 2004)). Rule 59 motions will only be granted if "the verdict is against the weight of the evidence … the damages are excessive, or … for other reasons, the trial was not fair to the party moving." *Kapelanski v. Johnson*, 390 F. 3d 525, 530 (7th Cir. 2004) (citations omitted). The decision to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

## ANALYSIS
### I.

The Defendant claims that no reasonable jury could have concluded that the Plaintiff was a qualified individual under the ADA. (D. 83 at pp. 3-5). In their view, the evidence at trial established that the Plaintiff could not perform the essential functions of her job as a correctional officer, which includes the ability to rotate through all possible job assignments, precluding any jury from finding in the Plaintiff's favor on this issue. *Id.* The Plaintiff argues that the jury properly concluded she was qualified under the ADA. (D. 85 at pp. 3-6). Specifically, that "[c]ollectively, th[e] evidence showed that [she] could perform the essential function of rotating positions with the reasonable accommodation of being allowed to use a gas mask when needed or leaving the area in the event pepper spray was used." *Id.* at pg. 6.

To establish her claim, the Plaintiff must have presented evidence which would allow a reasonable jury to conclude that she was a "qualified individual" under the ADA, and therefore subject to ADA protections. 42 U.S.C. § 12112. The ADA defines a qualified individual as someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

The Defendant's argument on this point fails to account for all of the Plaintiff's accommodation requests. While she initially requested a transfer and a limitation to specific duty assignments, the Plaintiff also asked the Defendant to accommodate her by providing her with access to a protective mask. The latter request eliminated the need for the prior two accommodation requests and thus, narrows the scope of the Court's analysis accordingly.

The Defendant does not argue that the jury unreasonably concluded that the Plaintiff could have performed the essential functions of a correctional officer with the accommodation of a protective mask. That is the crux of the matter here. Instead of discussing the evidence

6

presented at trial regarding the Plaintiff's ability to perform her job with a protective mask, the Defendant details the evidence pertaining to the Plaintiff's requests to transfer duty stations or be permanently limited to certain duty assignments. (D. 83 at pp. 3-5).

In making their argument, the Defendant relies heavily on *Miller*. *Id*. The plaintiff in *Miller* was a correctional officer that went blind. *Miller*, 107 F. 3d. at 484. IDOC discharged her employment on the grounds that she was incapable of performing her job. *Id*. The Seventh Circuit found that the plaintiff could only perform a small fraction of the rotational duties required of correctional officers in IDOC, even with accommodations, and affirmed the district court's grant of summary judgment in favor of IDOC. *Id*. at pp. 484-85. Based on the plaintiff's inability to perform the majority of correctional officer duties, the Seventh Circuit ruled that IDOC was entitled to discharge her employment. *Id*. at pg. 85.

Unlike the plaintiff in *Miller*, the Plaintiff in this case went beyond requesting that she remain a correctional officer with limited duty availability. Crucially, she also requested permission keep a protective mask nearby while on duty. This distinguishes her claim from that of the plaintiff in *Miller* and renders *Miller* inapposite. The Plaintiff's ability to perform all of her duties as a correctional officer with the assistance of a protective mask was a point of contention between the parties at trial. As such, it was a disputed issue of fact for the jury to determine. The Defendant points to nothing which suggests the jury was outside the bounds of reason when siding with the Plaintiff and crediting her theory that keeping a protective mask nearby was a reasonable accommodation.

Rather, the Defendant reiterates the arguments they made at trial, which pertain to the Plaintiff's assignment location and duty restriction requests, something a reasonable jury was free to ignore in the face of the Plaintiff's request to utilize a protective mask. Later, the

7

Defendant argues more directly that the Plaintiff's accommodation request for a protective mask was unreasonable. (D. 83 at pp. 6-7). See more on this point, *infra*. This argument, however—even if it has merit—is distinct from arguing that the jury's finding on this issue of fact was unreasonable. The Defendant has failed to support their claim.

The Court cannot say that it was unreasonable for the jury to conclude that the Plaintiff met her burden and proved her ADA claim. The jury heard testimony from both sides regarding the reasonableness of the Plaintiff's request to have access to a protective mask while on duty. This issue eclipses the Plaintiff's requests to change her duty location and limit her job assignments. In short, based on the record before the Court, the jury's verdict was reasonable and rationally linked to evidence presented at trial. Accordingly, the Defendant's remaining Rule 50(b) argument is DENIED.

## II.

The Defendant also argues in the alternative that they are entitled to a new trial, pursuant to Rule 59, on the same grounds they invoke in their Rule 50(b) arguments, that: (1) no reasonable jury could have concluded that the Plaintiff was a qualified individual under the ADA (*Id*. at pp. 3-5); (2) the Plaintiff did not make reasonable accommodation requests (*Id*. at pp. 5-8); and (3) the Defendant offered her reasonable accommodations (*Id*. at pg. 8). Again, when reviewing Rule 59 motions, the Court must "construe[] the evidence strictly in favor of the party who prevailed before the jury and examine[] the evidence only to determine whether the jury's verdict could [have] reasonably be[en] based on that evidence." *Passanti*, 689 F. 3d at 659. Such motions will only be granted if "the verdict is against the weight of the evidence … the damages are excessive, or … for other reasons, the trial was not fair to the party moving." *Kapelanski*, 390 F. 3d at 530.

Much like its finding that the Plaintiff met her burden of proving her ADA claim under Rule 50, it was also reasonable for the jury to conclude that the Plaintiff met her burden under the standards of Rule 59. For the reasons already discussed above, it was reasonable for the jury to conclude that the Plaintiff established that the Defendant violated the ADA. Therefore, the Defendant's Rule 59 claim for relief based on allegedly insufficient evidence of an ADA violation presented at trial is DENIED.

Next, the Defendant claims that the Plaintiff did not make reasonable accommodation requests. (D. 83 at pp. 5-8). They address her requests for permanent assignment to specific job duties, her request to carry a protective mask, and her request to transfer to Lincoln. *Id*. Again, had the Plaintiff not further requested the accommodation by way of a protective mask, this case would be more analogous to *Miller*. Merely requesting a limitation on her duty location or a limitation to specific assignments could have doomed her claim. The request for the protective mask, however, once again saves the day for the Plaintiff.

The Defendant merely asserts that "IDOC did not consider the gas mask a reasonable accommodation." *Id*. at pg. 6. Then they argue the onus was on the Plaintiff to provide medical evidence that utilizing a protective mask would have been effective, concluding that the "Plaintiff's failure to provide expert medical evidence regarding the medical effectiveness of a gas mask prevents her from establishing that the gas mask was a reasonable accommodation." *Id*. at pp. 6-7. The Defendant cites *Wheatley v. Factory Card and Party Outlet*, 2015 WL 4455041 (C.D. Ill.), citing *Basith v. Cook Cnty*, 241 F. 3d 919 (7th Cir. 2001), in support of their argument. *Id*.

The Seventh Circuit reasoned in *Basith* that a plaintiff's testimony alone is insufficient to substantiate a claim that an accommodation is effective. *Basith*, 241 F. 3d at 930. In *Wheatley*,

9

this Court relied on the reasoning in *Basith* to conclude that a defendant was entitled to summary judgment, after a plaintiff declared she would not call her only potential medical expert witness at trial. *Wheatley*, 2015 WL 4455041. Without this expert, the Court found as a matter of law that she was precluded from establishing that her requested accommodation was sufficient to help her do her job properly. *Id*. These cases do not, however, impose a blanket requirement on plaintiffs to establish reasonable accommodations under the ADA with a medical expert. See *e.g. Id*. at *2 (recognizing that it is a more specialized inquiry than determining disability, but that "[i]n this case, at least, that inquiry would require expert medical testimony."); *Basith*, 241 F. 3d at 930 ("*Standing alone*, [the plaintiff's] allegation… is not enough to create a material issue of fact.") (emphasis added).

Here, the effectiveness of the Plaintiff's protective mask accommodation has more support than her own assertion. The request was supported by her doctor and while the Defendant claimed there was a safety issue—separate from the medical effectiveness of the device—at least one IDOC employee testified that protective masks were effective. Thus, the Plaintiff's claim is supported by more than her own testimony.

Moreover, the Defendant did not dispute at trial that a protective mask would, if applied properly and in a timely manner, protect the Plaintiff from the effects of pepper spray. In fact, the jury heard evidence that an IDOC employee *with asthma* effectively neutralized the effects of pepper spray with a protective mask. Demanding now, after trial, that the Plaintiff was required to provide a medical expert to affirm the testimony that their own employee provided is, at best, disingenuous. As noted previously, the jury heard the parties' respective arguments about the potential safety risks associated with carrying a protective mask inside a jail and the Defendant's

internal policies regarding the proper procedure for pepper spray deployment and the use of protective masks. Both sides elicited relevant testimony from various witnesses on these issues.

Construing the evidence strictly in favor of the Plaintiff, as the prevailing party, the Court concludes that the evidence noted by the Defendant in their Motion does not entitle them to a new trial. As noted above, the jury's verdict was reasonably based on the evidence. The Court cannot say the trial was unfair to the Defendant or the jury's verdict was against the manifest weight of the evidence. As such, the Defendant's Rule 59 claim for relief based on the Plaintiff's alleged unreasonable accommodation requests is DENIED.

The Defendant's final argument under Rule 59 is that they did offer the Plaintiff reasonable accommodations. (D. 83 at pg. 8). The Defendant asserts this claim in cursory fashion, without citation to authority. *Id*. Accordingly, the Defendant forfeits the argument and the Court need not address it further. *Judge v. Quinn*, 612 F. 3d 537, 557 (7th Cir. 2010) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

As a result of the foregoing analysis, the Defendant's combined Motion under Rules 50(b) and 59 (D. 84) is DENIED.

The Court notes that the Plaintiff also has a Motion for Attorney Fees and Costs (D. 78) and a Motion for Bill of Costs (D. 79) pending before the Court, to which the Defendant objects (D. 82). The Court will rule on these pending Motions in due course.

## CONCLUSION

For the reasons stated above, the Defendant's combined Motion under Rules 50(b) and 59—(D. 84)—is DENIED.

*It is so ordered.*

Entered on March 7, 2019

        s/ Michael M. Mihm

        Michael M. Mihm

        Senior United States District Judge