IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MONICA LYNN BARRY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS,<br><br>　　Defendant. | Case No. 1:14-cv-03199-MMM-TSH |

## ORDER

Now before the Court are the Plaintiff, Monica Barry's, Petition for Attorney's Fees and Costs (D. 78) and Motion for Bill of Costs (D. 79).[1] The Defendant, the Illinois Department of Corrections ("IDOC") objects to both. (D. 82). For the reasons set forth below, the Plaintiff's Petition and Motion are GRANTED in part and DENIED in part.

## BACKGROUND

The background of this case has been detailed in prior orders. What follows are portions of the background relevant to the pleadings presently before the Court.

The Plaintiff filed the instant suit in July 2014. (D. 1). Ultimately, she alleged violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et. seq.*, and Title VII, 42 U.S.C. § 2000e, *et seq*. (D. 13 at pg. 1). Her claims involved a common core set of facts.

In July 2018, the Court presided over the Plaintiff's jury trial. After the Plaintiff presented her case, the Court ruled that her Title VII claim failed as a matter of law. (D. 87 at

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

pg. 7). The jury subsequently found for the Plaintiff on her ADA claim and awarded her $150,000 in compensatory damages for mental/emotional pain and suffering. (D. 71).

The Plaintiff filed a Motion for Back Pay shortly after trial concluded (D. 73), asserting that she was entitled to damages in excess of $550,000 and a total judgment of more than $700,000. *Id.* at pp. 2-11. The Court granted the Motion in part, denied it in part, and found it moot in part, awarding her $159,970 in back pay, $134,853 in front pay, $17,277.86 in other benefits, and $8,798.39 in prejudgment interest. (D. 76). Shortly thereafter, the Plaintiff filed the instant Petition and Motion, arguing that she is entitled to recover $108,375 in reasonable attorney fees and $1,536.11 in costs. (D. 78); (D. 79).

**STANDARD OF REVIEW**

Once a plaintiff has obtained a judgment on an ADA claim, the Court may, "in its discretion," allow the plaintiff to recover "a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205; *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 601 (2001). Critical in determining the reasonableness of a fee recovery is "the degree of success" the prevailing party obtained at trial. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Ultimately, "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440. Time spent on unrelated contentions stemming from the same set of facts and based on related legal theories which were ultimately unsuccessful are not subject to automatic dismissal. *Spanish Action Comm. of Chicago v. City of Chicago*, 811 F.2d 1129, 1133 (7th Cir. 1987). "If a district court elects to reduce a fee award, it must 'provide a concise but clear explanation of its

2

reasons.'" *Baier v. Rohr-Mont Motors, Inc.*, 175 F.Supp. 3d 1000, 1019 (N.D. Ill. 2016) (citing *Small v. Richard Wolf Med. Instruments Corp.*, 264 F. 3d 702, 708 (7th Cir. 2001)).

Generally, "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The presumption is in favor of the prevailing party recovering the cost; the losing party bears the burden of affirmatively demonstrating that a cost is inappropriate. *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F. 3d 854, 864 (7th Cir. 2005). Courts are required to determine: "(1) whether the cost imposed on the losing party is [statutorily] recoverable and (2) if so, whether the amount assessed for that item was reasonable[]" before awarding costs. *Hillmann v. City of Chicago*, 2017 WL 3521098, *2 (N.D. Ill.) (citing *Majeske v. City of Chicago*, 218 F. 3d 816, 824 (7th Cir. 2000)). "[D]istrict courts enjoy wide discretion in determining and awarding reasonable costs." *Id.* (citing *Northbrook Excess & Surplus Ins. Co. v. Procter &Gamble Co.*, 924 F. 2d 633, 642 (7th Cir. 1991)).

## ANALYSIS

### I.

The Plaintiff's claims are based on her constructive discharge from employment with the Defendant. She alleged two claims, gender discrimination and failure to accommodate her disability. The allegations are based on separate legal theories but stem from the same timeline of events involving the same people and places. The evidence the Plaintiff presented at trial only entitled her to a verdict on her disability claim. She claims, however, that she is entitled to the full amount of her attorney fees. (D. 78). The Defendant argues this amount should be reduced by at least 33%, due to the Plaintiff's limited success at trial. (D. 82 at pp. 2-5).

The parties do agree that the standard articulated in *Hensley* is appropriate here and that the attorneys' rates themselves are acceptable. (D. 78 at pp. 4-6); (D. 82 at pp. 2-3). They

dispute the extent of the recovery to which the Plaintiff is entitled. The Defendant aptly highlights that the Plaintiff should not recover attorney fees related to the pursuit of her gender discrimination claim. *Id*. at pp. 4-5. The Plaintiff's request is supported with documentation. (D. 78-1); (D. 78-2 at pp. 15-21). In light of her failure to obtain a favorable verdict for half of her claims, the Court finds that a reduction is appropriate.

The distinct legal theories pursued by the Plaintiff require a reduction in the attorney fees she seeks. A complete recovery would reimburse her for claims for which she was not successful at trial, running counter to the applicable statue, 42 U.S.C. § 12205. The Court cannot determine from the record precisely which attorney fees were exclusively part of the Plaintiff's gender discrimination claim and which were exclusively part of her ADA claim. The Court is conscious, however, of the inevitable fact that a significant portion of the time invested by the attorneys in this case involved work on both claims simultaneously. Accordingly, the Court uniformly applies a calculated reduction of attorney fees of 25%. This pegs the Plaintiff's recovery directly to the degree of success she obtained at trial, as required by *Hensley*, while also accounting for the attorneys' overlapping work on the Plaintiff's claims.

The Court has not arrived at this decision by way of blind application. The Court simply must account for the fact that the jury found against the Plaintiff on one of her two counts. In spite of the common facts and actors involved, the Plaintiff also pursued two distinct legal theories and the results at trial entitle the Defendant to a reduction in the Plaintiff's awarded fees. The Plaintiff requests a total reimbursement of $108,375.00. The Court finds that complete reimbursement would be excessive under the circumstances. The Plaintiff is entitled to a reduced attorney fees of $81,281.25. This is 25% of the requested attorney fees. Thus, the Plaintiff's Petition (D. 78) is GRANTED in part and DENIED in part.

**II.**

The Plaintiff also submitted a Motion for Bill of Costs (D. 79), to which the Defendant objects (D. 82 at pp. 5-6). The Plaintiff argues she is entitled to $1,536.11 in costs and expenses. *Id.*; (D. 78 at pp. 13-14). She submitted corroborating documentation, detailing the expenses. (D. 78-3 at pp. 4-24); (D. 79-1). The Bill of Costs itemizes the total costs she seeks from the Defendant: $604.71 for transcripts, $375.70 for copies, and $555.70 for interpretation services. (D. 79). The Defendant claims that some of these costs are not recoverable. (D. 82 pp. 5-6).

Again, the presumption is in favor of the prevailing party recovering costs and the losing party bears the burden of affirmatively demonstrating that a cost is inappropriate. *Beamon*, 411 F. 3d at 864. Courts are required to determine: "(1) whether the cost imposed on the losing party is [statutorily] recoverable and (2) if so, whether the amount assessed for that item was reasonable[]" before awarding costs. *Hillmann*, 2017 WL 3521098, *2 (N.D. Ill.) (citing *Majeske*, 218 F. 3d at 824). And "district courts enjoy wide discretion" in making their determination. *Id.* (citing *Northbrook*, 924 F. 2d at 642).

First, the Defendant argues the Plaintiff is not entitled to recover her attorneys' expenses for travel, lodging, and meals, totaling $537.83, because they are not recoverable as costs under 28 U.S.C. § 1920. (D. 82 at pg. 5). The Plaintiff claims that a prevailing plaintiff in a civil rights case is entitled to recover travel expenses incurred as costs. (D. 78 at pp. 13-14). The cases she cites all address allowable attorney fees under 42 U.S.C. § 1988, not costs under 28 U.S.C. § 1920. More importantly, the Plaintiff does not seek reimbursement for her attorneys' travel expenses in her Motion for Bill of Costs, under § 1920, but rather as attorney fees under § 1988. (D. 78); (D. 79). Therefore, she is entitled to the $537.83 to which the Defendant objects.

Next, the Defendant claims the Court should deny the Plaintiff's attempt to recover costs associated with a deposition transcript. (D. 82 at pp. 5-6). Specifically, they claim: (1) an invoice for $258.00 (D. 78-3 at pg. 7) should be rejected because it fails to identify the basis for the charge; and (2) they should not be responsible for paying an $89.06 expedited processing charge (D. 78-3 at pg. 9) because there was no justification for delaying her request for the transcript, which prompted the additional charge. (D. 82 at pp. 6-7). According to the first invoice for the deposition at issue, the $258.00 charge is a minimum transcript fee, required of patrons before a transcript is even ordered. (D. 78-3 at pg. 7). Such costs are taxable, pursuant to 28 U.S.C. § 1920(2), and the Court finds this charge reasonable. Another invoice related to the same deposition transcript, where Plaintiff's counsel actually ordered a certified copy of the transcript over one month later, includes an $89.06 "6-Day Expedited Charge[.]" *Id*. at pg. 9. The Defendant should not be required to pay for this cost because the Plaintiff delayed her request for the transcript and subsequently sought expedited processing. Absent an affirmative showing by the Plaintiff that it was excusable for her to order the transcript in this manner, she is not entitled to recover the cost. Thus, the Plaintiff is entitled to the 258.00 cost for the transcript, but not the $89.06 expedited processing cost.

Lastly, the Defendant asserts that postage costs are not identified in § 1920, and therefore the Plaintiff's attempt to recover costs for shipping (D. 78-3 at pg. 10) and stamps (*Id*. at pg. 5)—for a total of $17.87—should be denied. (D. 82 at pg. 6). As noted above, the Plaintiff seeks costs for transcripts, copies, and interpretation services in her Bill of Costs. (D. 79). Thus, the Defendant's § 1920 argument is a non-starter because the Plaintiff seeks reimbursement for copies as part of her attorney fees, pursuant to 42 U.S.C. § 1988. These are reasonable costs. The Plaintiff is entitled to the $17.87 she seeks. Accordingly, the Plaintiff is entitled to reduced

costs for a total of $1,447.05.  This number subtracts the $89.06 expedited charge from her initial requested costs.  The Plaintiff's Motion (D. 79) is GRANTED in part and DENIED in part.

## Conclusion

For the foregoing reasons, the Plaintiff's Petition (D. 78) and Motion (D. 79) are GRANTED in part and DENIED in part.  The Plaintiff is entitled to $81,281.25 in attorney fees and $1,447.05 in costs.

*It is so ordered.*

Entered on March 25, 2019

    _s/_ Michael M. Mihm
Michael M. Mihm
Senior United States District Judge